# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:04-CR-46-TLS |
| | ) | |
| ADONNIS CARSWELL | ) | |

## OPINION AND ORDER

The Defendant, Adonnis Carswell, is serving a sentence for aggravated bank robbery, 18 U.S.C. § 2113(a) and (d), and using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). The Defendant now seeks to vacate his conviction and sentence under § 924(c) [Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 86]. His Motion is based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Defendant maintains that armed bank robbery can no longer be a predicate offense for a § 924(c) conviction.

The Defendant filed his Motion on June 24, 2016—within the one-year period set forth in § 2255(f)(3), based on the Supreme Court's June 26, 2015 decision in *Johnson*, which is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (*Johnson* announced a new substantive rule which applies retroactively on collateral review). The Court treats the Motion as timely filed.

# ANALYSIS

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. *See* 28 U.S.C. § 2255(a). Relief under § 2255 is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 879–80 (7th Cir. 2013).

To sustain a conviction under 18 U.S.C. § 924(c)(3), the government must prove that the defendant (1) used or carried a firearm and (2) did so during and in relation to a "crime of violence." Under § 924(c)(3), the term "crime of violence" is "an offense that is a felony" that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)–(B). Subsection (A) is known as the elements clause, and subsection (B) is referred to as the residual clause.

Count 2 of the Indictment identifies the predicate crime of violence as armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). A defendant commits bank robbery if he:

> by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.

18 U.S.C. § 2113(a). The offense can be enhanced and charged under subsection (d) if, while committing or attempting to commit bank robbery, the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." *Id.* § 2113(d).

As already stated, the Defendant's Motion invokes the Supreme Court's decision in *Johnson*, which held that the residual clause of the definition of a "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. at 2557 (invalidating the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another"). The Defendant was not sentenced under the ACCA, but he claims that armed bank robbery no longer qualifies as a crime of violence under § 924(c)(3) based on *Johnson's* reasoning. His argument is two-part.

In one part, he argues that the holding in *Johnson* necessarily rendered the residual clause of § 924(c)(3)(B) unconstitutionally vague. The Seventh Circuit has applied *Johnson* to the definition of "crime of violence" in 18 U.S.C. § 16(b), which is nearly identical to the language in § 924(c)(3)(B). *See United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015). Accordingly, it is plausible that the reasoning of *Johnson* applies to the residual clause in § 924(c)(3)(B) and renders it unconstitutionally vague. However, the Court finds that it is not necessary to decide whether the residual clause of § 924(c) is void under *Johnson*, because bank robbery under § 2113(a) and (d) is a crime of violence under § 924(c)'s elements clause. *See United States v. Armour*, — F.3d —, 2016 WL 6440383, at *4–5 (7th Cir. Nov. 1, 2016).[1]

That brings the Court to the second part of the Defendant's argument—that neither § 2113(a) nor (d) has as an element the use, attempted use, or threatened use of force. The Defendant insists that armed bank robbery does not meet the definition because it can be committed through the use of non-forceful means. For example, robbery under § 2113(a) can be

---

[1] Other Circuits have, likewise, held that bank robbery is a crime of violence under § 924(c)(3)(A). *See United States v. Allen*, 836 F.3d 894 (8th Cir. 2016); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016); *United States v. McNeal*, 818 F.3d 141, 152–53 (4th Cir. 2016). The Defendant filed his Motion and completed briefing before the Seventh Circuit issued the *Armour* decision.

3

accomplished through intimidation, which the Defendant argues does not qualify as force or violence. The Defendant also submits that placing someone in fear of "bodily harm" does not require "violent force." For example, a defendant could place another in fear of bodily harm by threatening to poison that person, releasing hazardous chemicals on that person, or locking that person up in a room without food or water. The Defendant argues that none of these methods would require violent force. Finally, he asserts that even armed bank robbery under subsection (d) can be accomplished through means that do not satisfy the elements clause of § 924(c).

The Supreme Court has defined the phrase "physical force" to require no more than "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010)[2] (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)); *see also United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016). In *Armour*, the Seventh Circuit rejected the defendant's argument that robbery by intimidation under § 2113(a) does not satisfy the elements clause of § 924(c), holding that, even presuming the conviction rested on the least serious acts that could satisfy the statute, "bank robbery under § 2113(a) inherently contains a threat of violent physical force." 2016 WL 6440383, at *4 ("A bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force of the type satisfying" the Supreme Court's definition). The Supreme Court has also held that "the act of employing poison knowingly as a device to cause physical harm" is a use of force. *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014) ((interpreting 18 U.S.C. 922(g)(9)). For similar reasons, the Defendant's remaining proposed scenarios, such as releasing

---

[2] This *Johnson* case, decided in 2010, is different case than the 2015 *Johnson* case that invalidated the residual clause of the ACCA.

hazardous chemicals, or locking a person up in a room without food or water, would satisfy the use of force standard. *See United States v. Waters*, 823 F.3d 1062, 1066 (7th Cir. 2016) (reasoning that "withholding medicine causes physical harm, albeit indirectly, and thus qualifies as the use of force under *Castleman*").

*Armour* also forecloses the Defendant's argument that subsection (d) bank robbery can be satisfied without the strong physical force required by the 2010 *Johnson* case. *See* 2016 WL 6440283, at *4 (holding that the "victim's fear of bodily harm is necessarily fear of violent physical force that is inherent in armed bank robbery"). This is so because the actions putting the victim in fear must be "by the use of a dangerous weapon or device." *Id.*

The Court finds no basis to vacate the Defendant's 18 U.S.C. § 924(c) conviction for using a firearm during and in relation to armed bank robbery, which is a violent crime.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 86]. Because reasonable jurists would not debate that the Motion fails to present a valid claim of the denial of a constitutional right, or that the Motion should have been resolved in a different manner, the Court DECLINES to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(3).

SO ORDERED on December 5, 2016.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT